Case 4:16-cv-01109 Document 3 Filed in TXSD on 04/27/16 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
April 27, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH LEON JENKINS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-1109 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Joseph Leon Jenkins filed a petition for a writ of habeas corpus. The petition challenges the results of a prison disciplinary hearing.

### I. Background

Jenkins was found guilty in a prison disciplinary hearing on October 27, 2015. He received a reduction in line class from S2 Trusty to S4, and loss of 30 days of good time credit. Petition at 5. Jenkins contends that the disciplinary hearing violated his rights under the Fourteenth Amendment. He asks this Court to order restoration of his good time credit and line class.

### II. Analysis

#### A. Preliminary Review

Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 requires a judge to "promptly examine" a newly filed petition. The rule states, in part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

### B. Reduction in Time-Earning Classification

The reduction in Jenkins' time-earning classification is not cognizable in habeas corpus. While reduced time earning could possibly delay Jenkins' release from custody, it will not inevitably do so. "If 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied,* 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996), the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820©21 (5th Cir. 1997).

The Fifth Circuit has observed that the Texas legislature explicitly declined to create a right to good conduct time. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Moreover, there is no guarantee that a prisoner will earn the maximum possible good time credit, or that he will not have earned credits later revoked. Therefore, the effect of good time credit on future release is too speculative and attenuated. "[T]he timing of [petitioner]'s release is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status . . . .." *Id.* Because Jenkins has no protected liberty interest in any specific time-earning status, his reduction in time-earning status fails to identify a constitutional violation.

### C. Loss of Good Time Credit

Jenkins' loss of good time credit also does not raise a constitutional claim in this case. Good time credit is relevant to a prisoner's release to mandatory supervision. "'Mandatory supervision' means the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE ANN. § 508.001(5). A prisoner who is eligible for mandatory supervision must be released "when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the

inmate was sentenced." *Id.* at § 508.147(a). Jenkins acknowledges, however, that he is not eligible for mandatory supervision. Petition at 5. Because Jenkins is ineligible for mandatory supervision, restoration of his good time credit will have no effect on his release date, and habeas corpus relief is unavailable.

D.   Parole

To the extent that Jenkins complains that any of the penalties imposed might affect his release to parole, this, too, does not state a claim for relief. A prisoner has no right to release on parole. Rather, parole is left to the discretion of the parole board. *See* TEX. GOV'T CODE ANN. § 508.141.

> Because it is entirely speculative whether a prisoner will be released on parole, the court has determined "that there is no constitutional expectancy of parole in Texas." [*Madison v. Parker*], [104 F.3d 765,] 768 [(5th Cir. 1997)]. Therefore, any delay in [petitioner]'s consideration for parole cannot support a constitutional claim.

*Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). Because parole decisions are purely discretionary, Jenkins has no constitutional right to parole.

### III.   Certificate of Appealability

Jenkins has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also*

*Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253© is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Jenkins' claims and concludes that he has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). This Court concludes that Jenkins is not entitled to a certificate of appealability.

IV. **Conclusion And Order**

For the foregoing reasons, it is ORDERED as follows:

A. Petitioner Joseph Leon Jenkins' petition for a writ of habeas corpus (Dkt. No. 1) is DISMISSED WITHOUT PREJUDICE pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 ; and

  B. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 27th day of April, 2016.

                _____
                Kenneth M. Hoyt
                United States District Judge